Stephen K. Christiansen (Idaho Bar No. 8032)
James R. Farmer (Utah Bar No. 8592) (*pro hac vice* admission pending)
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, UT 84111
Telephone: (801) 716-7016
Facsimile: (801) 716-7017
steve@skclawfirm.com
james@skclawfirm.com

*Attorneys for Plaintiff Harvest Right, LLC*

---

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO, EASTERN DIVISION**

| | |
|---|---|
| HARVEST RIGHT, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE ALPINE, LLC, an Idaho limited liability company,<br><br>    Defendant. | **COMPLAINT**<br><br>Civil No. 4:25-cv-559<br><br>Judge _____<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Harvest Right, LLC, by and through the undersigned counsel, hereby complains against Defendant Blue Alpine, LLC, for patent infringement and alleges as follows:

**PARTIES**

1.      Plaintiff Harvest Right, LLC ("Harvest Right") is a Utah limited liability company, having a principal place of business at 2320 N 2200 W, Salt Lake City, UT 84116.

2.      Defendant Blue Alpine, LLC ("Blue Alpine"), is, on information and belief, an Idaho limited liability company, having a principal place of business at 80 E Industrial Park Road, Saint Anthony, ID 83445.

**JURISDICTION AND VENUE**

3.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 as Blue Alpine has committed the acts complained of herein in this district, including, without limitation, the solicitation and transaction of business in the State of Idaho and the deriving of financial benefit from residents of the State of Idaho, including the solicitation and transaction of business and the deriving of financial benefit directly related to the causes of patent infringement set forth herein.

6. On information and belief, Blue Alpine has placed its infringing goods, systems, methods, compositions or services, including, without limitation, its BA40MFD and BA70LFD model freeze dryers, into the stream of commerce throughout the United States, which goods, systems, methods, compositions, or services have been offered for sale, sold or used in the State of Idaho.

7. Blue Alpine, directly or through its subsidiaries, divisions, groups, or distributors, has committed acts of patent infringement in this district or is doing business in this district, subjecting Blue Alpine to personal jurisdiction in this district.

**FIRST CLAIM FOR RELIEF**
**(Infringement of United States Patent No. 12,245,609)**

8. On March 11, 2025, United States Patent No. 12,245,609 ("the '609 Patent"), entitled "Freeze Dryers and Drying Processes for Materials with Low Water Content," a copy of which is attached hereto as Exhibit A, was duly and legally issued by the United States Patent and Trademark Office. Harvest Right is the owner of all right, title, and interest in and to the '609 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '609 Patent.

9. Upon information and belief, Blue Alpine, directly or through its subsidiaries, divisions, groups, or distributors, has infringed and continues to infringe the '609 Patent by making, using, selling, or offering to sell, or allowing others to make, use, sell, or offer to sell, throughout the United States, in Idaho, or in this district, goods, systems, methods, compositions, or services that are covered by one or more of the claims of the '609 Patent, including, but not limited to, claims 1-6, 8-10, 12-25, 27-30, and 32-39.

10. Claim1, for example, when compared against the Blue Alpine Owner's Manual ("Owner's Manual"), which describes and illustrates operation and construction of the BA40MFD and BA70LFD model freeze dryers, is illustrative of Blue Alpine's infringement of the '609 Patent; a copy of the Owner's Manual is attached hereto as Exhibit C.

11. The limitations of claim 1 of the '609 Patent are as follows:

[preamble] 1. A freeze dryer comprising:

[limitation a] a chamber including one or more interior walls;

[limitation b] a vacuum pump pneumatically linked to the chamber;

[limitation c] a cooling system configured to cool the one or more interior walls of the chamber;

[limitation d] a heating system configured to heat a material in the chamber; and

[limitation e] an electronic controller comprising:

    [limitation e1] a processor; and

    [limitation e2] memory communicatively linked to the processor, the memory including instructions used by the processor to operate the freeze dryer;

[limitation f] wherein the instructions comprise a drying process including:

[limitation f1] warming the material in the chamber at or near ambient pressure to form a warmed material; and

[limitation f2] reducing pressure in the chamber below ambient pressure to dry the warmed material.

12. The Owner's Manual confirms each limitation of claim 1 of the '609 Patent is present in the BA40MFD and BA70LFD freeze dryers ("the accused products").

13. As to the preamble of claim 1, the Owner's Manual describes the BA40MFD and BA70LFD products as freeze dryers. *See* Owner's Manual, Section 3, pp. 9-10.

14. As to limitation a, the Owner's Manual describes the accused products as including a chamber (2) with interior walls. *See id.*, Section 3, p. 9.

15. As to limitation b, the Owner's Manual describes the accused products as including a vacuum pump connected via a vacuum hose. *Id.*; *see also id.*, Section 4.3, pp. 13-14.

16. As to limitation c, the Owner's Manual describes the accused products as including a refrigeration system (compressor (7), condenser (8)) described as creating "cold chamber walls" to collect water. *See id.*, Section 3, p. 9; *see also id.*, Section 6.1, p. 17.

17. As to limitation d, the Owner's Manual describes the accused products as including a heating system with a heat rack (3) and heating pads to heat the trays and material. *See id.*, Section 3, pp. 9-10; *see also id.*, Section 4.2(3), p. 12 and Section 6.4, p. 19.

18. As to limitation e, the Owner's Manual describes the accused products as including an electronic controller with a printed circuit board and control panel (1). *See id.*, Section 3.2, p. 9; *see also id.*, Section 10.7, pp. 30–32 (illustrating processor and memory linked to processor); Section 19, pp. 63-68 ("Service Parts List"). The memory stores instructions in

the form of software (firmware) that can be updated and that control operation of the accused products. *See id*., Section 5, pp. 15-16 and Section 6, pp. 17-22.

19. As to limitation f, the Owner's Manual describes the accused products as including a "Candy Pre-warm" feature providing instructions that "turn on the heating shelves before vacuum drying the candy." *See id*., Section 8.1, p. 24 ("After the pre-warm is finished, the freeze dryer will proceed to the dry cycle and begin pulling vacuum while the candy is still hot."); *see also id*., Section 14.3, pp. 47-48 (describing pre-warm cycle for candies).

20. The BA40MFD and BA70LFD freeze dryers include or practice each limitation set forth in at least claim 1 of the '609 Patent.

21. Blue Alpine has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, the '609 Patent and is therefore liable for infringement of the '609 Patent pursuant to 35 U.S.C. § 271(a).

22. Blue Alpine has induced and continues to induce infringement of the '609 Patent and has contributed and continues to contribute to infringement of the '609 Patent and is therefore liable for infringement of the '609 Patent pursuant to 35 U.S.C. §§ 271(b) and (c).

23. Blue Alpine's acts of infringement of the '609 Patent have caused damage to Harvest Right, and Harvest Right is entitled to recover from Blue Alpine the damages sustained by Harvest Right as a result of Blue Alpine's wrongful and infringing acts in an amount subject to proof at trial, but no less than a reasonable royalty.

24. As a consequence of the infringement of the '609 Patent complained of herein, Harvest Right has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Blue Alpine is enjoined by the Court from committing further acts of infringement.

25. Upon information and belief, one or more of Blue Alpine's acts of infringement have been or will be undertaken with knowledge of the '609 Patent, such acts constituting willful infringement, making this case exceptional pursuant to 35 U.S.C. §§ 284 and 285, further entitling Harvest Right to enhanced damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Infringement of United States Patent No. 12,245,610)

26. On March 11, 2025, United States Patent No. 12,245,610 ("the '610 Patent"), entitled "Freeze Dryers and Drying Processes for Materials with Low Water Content," a copy of which is attached hereto as Exhibit B, was duly and legally issued by the United States Patent and Trademark Office. Harvest Right is the owner of all right, title, and interest in and to the '610 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '610 Patent.

27. Upon information and belief, Blue Alpine, directly or through its subsidiaries, divisions, groups, or distributors, has infringed and continues to infringe the '610 Patent by making, using, selling, or offering to sell, or allowing others to make, use, sell, or offer to sell, throughout the United States, in Idaho, or in this district, goods, systems, methods, compositions, or services that are covered by one or more of the claims of the '610 Patent, including, but not limited to, claims 1-5, 8-15, 17-24, and 26-36.

28. Claim1, for example, when compared against the Blue Alpine Owner's Manual ("Owner's Manual"), which describes and illustrates operation and construction of the BA40MFD and BA70LFD model freeze dryers, is illustrative of Blue Alpine's infringement of the '610 Patent; a copy of the Owner's Manual is attached hereto as Exhibit C.

29. The limitations of claim 1 of the '610 Patent are as follows:

[preamble] 1. A freeze dryer comprising:

6

[limitation a] a chamber including one or more interior walls;

[limitation b] a vacuum pump pneumatically linked to the chamber;

[limitation c] a cooling system configured to cool the one or more interior walls of the chamber;

[limitation d] a heating system configured to heat a material in the chamber; and

[limitation e] an electronic controller comprising:

[limitation e1] a processor; and

[limitation e2] memory communicatively linked to the processor, the memory storing instructions used by the processor to operate the freeze dryer;

[limitation f] wherein the instructions comprise a candy drying process including reducing pressure in the chamber below ambient pressure to dry the material without the material being frozen.

30. The Owner's Manual confirms each limitation of claim 1 of the '610 Patent is present in the BA40MFD and BA70LFD freeze dryers ("the accused products").

31. As to the preamble of claim 1, the Owner's Manual describes the BA40MFD and BA70LFD products as freeze dryers. *See* Owner's Manual, Section 3, pp. 9-10.

32. As to limitation a, the Owner's Manual describes the accused products as including a chamber (2) with interior walls. *See id.*, Section 3, p. 9.

33. As to limitation b, the Owner's Manual describes the accused products as including a vacuum pump connected via a vacuum hose. *Id.*; *see also id.*, Section 4.3, pp. 13-14.

34.     As to limitation c, the Owner's Manual describes the accused products as including a refrigeration system (compressor (7), condenser (8)) described as creating "cold chamber walls" to collect water.  *See id.*, Section 3, p. 9; *see also id.*, Section 6.1, p. 17.

35.     As to limitation d, the Owner's Manual describes the accused products as including a heating system with a heat rack (3) and heating pads to heat the trays and material. *See id.*, Section 3, pp. 9-10; *see also id.*, Section 4.2(3), p. 12 and Section 6.4, p. 19.

36.     As to limitation e, the Owner's Manual describes the accused products as including an electronic controller with a printed circuit board and control panel (1).  *See id.*, Section 3.2, p. 9; *see also id.*, Section 10.7, pp. 30-32 (illustrating processor and memory linked to processor); Section 19, pp. 63-68 ("Service Parts List").  The memory stores instructions in the form of software (firmware) that can be updated and that control operation of the accused products.  *See id.*, Section 5, pp. 15-16 and Section 6, pp. 17-22.

37.     As to limitation f, the Owner's Manual describes the accused products as including drying processes directly related to candies.  *See id.*, Section 5, p. 15 (illustrating and referring to a cany process or recipe); *see also id.*, Section 14.3, pp. 47-48 ("The candy recipe is the most unique.  It does not include a freeze cycle, because freeze-dried candy is a misnomer; it's only vacuum dried."); Section 8.1, p. 24 ("After the pre-warm is finished, the freeze dryer will proceed to the dry cycle and begin pulling vacuum while the candy is still hot.").

38.     The BA40MFD and BA70LFD freeze dryers include or practice each limitation set forth in at least claim 1 of the '610 Patent.

39.     Blue Alpine has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, the '610 Patent and is therefore liable for infringement of the '610 Patent pursuant to 35 U.S.C. § 271(a).

40. Blue Alpine has induced and continues to induce infringement of the '610 Patent and has contributed and continues to contribute to infringement of the '610 Patent and is therefore liable for infringement of the '610 Patent pursuant to 35 U.S.C. §§ 271(b) and (c).

41. Blue Alpine's acts of infringement of the '610 Patent have caused damage to Harvest Right, and Harvest Right is entitled to recover from Blue Alpine the damages sustained by Harvest Right as a result of Blue Alpine's wrongful and infringing acts in an amount subject to proof at trial, but no less than a reasonable royalty.

42. As a consequence of the infringement of the '610 Patent complained of herein, Harvest Right has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Blue Alpine is enjoined by the Court from committing further acts of infringement.

43. Upon information and belief, one or more of Blue Alpine's acts of infringement have been or will be undertaken with knowledge of the '610 Patent, such acts constituting willful infringement, making this case exceptional pursuant to 35 U.S.C. §§ 284 and 285, further entitling Harvest Right to enhanced damages and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Harvest Right prays for judgment and relief as follows:

A. Judgment that Blue Alpine has infringed either or both of the '609 Patent and the '610 Patent under 35 U.S.C. § 271;

B. Judgment that Blue Alpine account for and pay to Harvest Right all damages caused by its infringement of either or both of the '609 Patent and the '610 Patent, and to enhance such damages for the exceptional nature of the case and Blue Alpine's willful infringement as appropriate, in accordance with 35 U.S.C. § 284;

C. Blue Alpine, its officers, agents, servants, employees, and those persons in active concert or participation with it, be permanently enjoined from infringing either or both of the '609 Patent and the '610 Patent pursuant to 35 U.S.C. § 283;

D. Harvest Right be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Blue Alpine's infringement of either or both of the '609 Patent and the '610 Patent;

E. The Court declare this an exceptional case and that Harvest Right be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

F. Costs be awarded to Harvest Right; and

G. Harvest Right be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Harvest Right demands trial by jury as to all issues in this action triable by jury.

DATED this 30th day of September, 2025.

CHRISTIANSEN LAW, PLLC

/s/ Stephen K. Christiansen
Stephen K. Christiansen
James R. Farmer
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, UT 84111
Telephone: (801) 716-7016
Facsimile: (801) 716-7017
Email: steve@skclawfirm.com
       james@skclawfirm.com
*Attorneys for Plaintiff Harvest Right, LLC*