UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HARVEST RIGHT, LLC, a Utah limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BLUE ALPINE, LLC, an Idaho limited liability company,<br><br>　　　　Defendant. | Case No. 4:25-cv-00559-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Blue Alpine, LLC's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 18. Plaintiff Harvest Right, LLC, opposes the Motion. Dkt. 21.

Upon review, and for the reasons set forth below, the Court GRANTS in PART and DENIES in PART the Motion.[1]

## II. BACKGROUND

Plaintiff Harvest Right is a Delaware limited liability company with its principal place of business in Salt Lake City, Utah.[2] Harvest Right claims to have "pioneered the

---

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

[2] In its Complaint (Dkt. 1), Harvest Right listed itself as a Utah limited liability company in the case caption. In its Amended Complaint (Dkt. 7), that changed to a Delaware limited liability company. Then, in its opposition brief to the present motion (Dkt. 21), Harvest Right reverted to Utah. Although not overly relevant to today's decision, the Court expects this to be ironed out in the future.

MEMORANDUM DECISION AND ORDER - 1

development and commercialization of the first affordable, at-home freeze dryers, creating an entirely new category of home appliance." Dkt. 7, at 4. Harvest Right developed specialized processes and software to freeze-dry a wide array of materials, including difficult-to-process materials with high sugar content. Harvest Right created proprietary technology such as "specific heating and vacuum cycles," which are utilized in features available on its freeze dryers, such as a "Candy Mode" feature.

On March 11, 2025, Harvest Right was issued Patent No. 12,245,609 (the "'609 Patent") and Patent No. 12,245,610, (the "'610 Patent") both entitled "Freeze Dryers and Drying Processes for Materials With Low Water Content." Dkt. 7, at 2. The Patents describe improvements "to the ability and ease of use for processing candy in freeze drying machines that were not available prior to the patented inventions," among other features. *Id*. at 5.

Blue Alpine is an Idaho limited liability company with a principal place of business in Saint Anthony, Idaho. Blue Alpine also makes and sells freeze dryers that compete with Harvest Right. Harvest Right argues Blue Alpine's Medium and Large Freeze Dryers (model numbers BA40MFD and BA70LFD) infringe on Harvest Right's patents.

On September 30, 2025, Harvest Right filed a Complaint (Dkt. 1) and on November 11, 2025, Harvest Right filed an Amended Complaint. Dkt. 7. Generally speaking, Harvest Right alleges Blue Alpine advertised and promoted the "infringing candy-specific functionality to unfairly compete with Harvest Right" and wrote "specific instructions in its user manuals on how to practice the patented methods" including the "patented candy-specific functionality." Dkt. 7, at 5–6. Harvest Right argues Blue Alpine published at least

MEMORANDUM DECISION AND ORDER - 2

one YouTube video on how to use candy features on the infringing machines. Harvest Right further asserts Blue Alpine's manuals instruct users on how to use the infringing candy function. On September 30, 2025, Harvest Right sent a letter to Blue Alpine informing Blue Alpine of its infringement on the patents. Harvest Right also enclosed a copy of its original Complaint—which was filed on that same day—in the letter.

On January 16, 2026, Blue Alpine filed a Rule 12(b)(6) Motion arguing Harvest Right's claims of pre-suit infringement, as well as willful infringement, should be dismissed for failing to meet the pleading standards of *Twombly* and *Iqbal*. Dkt. 18-1, at 2. Blue Alpine also argues the Amended Complaint states Blue Alpine became aware of the Patents on September 30, 2025—the same day the original Complaint was filed—and asserts this is insufficient to qualify as pre-suit knowledge of the Patents. Dkt. 18-1, at 4. Furthermore, Blue Alpine contends the Amended Complaint "does not claim copying, bad faith, or concealment" and, therefore, the "willfulness claims are conclusory and should be dismissed." Dkt. 18-1, at 6. Finally, Blue Alpine does not dispute that post-suit theories can proceed; and only addressing pre-suit indirect infringement and willfulness in its Motion. Dkt. 23, at 5.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation modified).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding whether to grant a motion to dismiss, a court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continually adhered to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. DISCUSSION

Harvest Right's claim arises from Blue Alpine's "manufacturing, using, selling, offering for sale, and/or importing the Accused products directly, jointly, indirectly, and/or willfully infringing one or more claims in Harvest Right's" patents. Dkt. 7, at 2. Blue

MEMORANDUM DECISION AND ORDER - 4

Alpine argues Harvest Right's Amended Complaint "does not plead non-conclusory facts showing that Blue Alpine had pre-suit knowledge of the asserted patents, nor facts showing pre-suit specific intent to induce infringement." Dkt. 23, at 2. Blue Alpine further asserts Harvest Right relies on speculation that Blue Alpine plausibly could have been aware of the Patents before the suit because of the candy feature and its similarity to the patented design. As previously stated, Blue Alpine does not dispute that post-suit theories can proceed and instead only addresses pre-suit indirect infringement and pre-suit willfulness in its Motion.

### A. Pre-suit Theories: Knowledge and Intent

Blue Alpine asserts Harvest Right has failed to show any pre-suit knowledge and intent. In response, Harvest Right argues Blue Alpine "intentionally targeted the patented 'candy mode' functionality." Dkt. 21, at 2. Harvest Right further alleges the difference between the patented functionality and how freeze dryers normally operate supports an *inference* Blue Alpine copied Harvest Right's Patents. Harvest Right repeatedly states it is "plausible" Blue Alpine "had knowledge of the patents and its infringement while developing, marketing, and selling the infringing devices." *Id*. at 2, 6. *See also Id*. at 3, 4, 5 (stating other allegations are "plausible"). Harvest Right believes discovery would likely show Blue Alpine had knowledge of the Patents and its infringement before the original Complaint was filed. Dkt. 21, at 2–3.

In contrast, Blue Alpine asserts the Amended Complaint does not contain any "allegations of pre-suit communications, patent marking compliance, pre-suit cease-and-desist letters or notice, claims Blue Alpine reviewed the '609 Patent and/or '610 Patent,

MEMORANDUM DECISION AND ORDER - 5

nor copying of the patent (as opposed to copying Plaintiff's product, which is different)." Dkt. 23, at 3. Blue Alpine further argues the Amended Complaint fails to show how Blue Alpine's published manuals and YouTube videos explaining how to use its products amount to the inducement of infringement. *Id*. at 3. According to Blue Alpine, the Amended Complaint does not allege pre-suit knowledge of the patents or that the instructions were infringing. *Id*.

The Court agrees. Harvest Right's Amended Complaint does not provide clear facts that support Blue Alpine had knowledge of the '609 and '610 Patents *prior* to September 30, 2025. The Amended Complaint alleges Blue Alpine had knowledge of the Patents no later than September 30, which was when Harvest Right sent Blue Alpine a letter informing it of the infringement. Dkt. 7, at 7. "Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Rearden LLC v. Walt Disney Company* 293 F. Supp. 3d. 963, 972 (N.D. Cal. 2018) (quoting *Vita-Mix Corp. v. Basic Holding, Inc*., 581 F.3d 1317, 1328 (Fed. Cir. 2009)).

For an "allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc*., 869 F.3d 1379 (Fed. Cir. 2017) (citation modified).

While it is certainly plausible Blue Alpine had knowledge of the '609 and '610 Patents pre-suit, Harvest Right has not persuasively shown how or why it is plausible. For

MEMORANDUM DECISION AND ORDER - 6

example, Harvest Right has not provided any documents to support its allegation that Blue Alpine knew of the Patents prior to September 30, 2025. Harvest Right's Complaint merely makes the conclusory statement it is plausible Blue Alpine knew of the Patents because of the functional similarities between Harvest Right's patented designs and Blue Alpine's products. This is not enough for the Court to draw a reasonable inference that Blue Alpine knew of the Patents.

Furthermore, Harvest Right's suggestion that the Court allow discovery because discovery will "reveal" Blue Alpines infringement is misplaced. Dkt. 21, at 3. As the Court has explained before, this approach—allowing discovery to clear up the confusion in a complaint—is "incorrect and puts the discovery cart before the pleading horse." *Dana v. Tewalt,* 2022 WL 3598311, at \*6 n.9 (D. Idaho Aug. 23, 2022), aff'd in part, rev'd in part and remanded sub nom. *Dana v. Idaho Dep't of Corr.,* 2024 WL 2862581 (9th Cir. June 6, 2024). Harvest Right must plead sufficient allegations to warrant discovery, not plead in the dark and hope discovery confirms its suspicions.

For these reasons, Blue Alpine's motion to Dismiss Harvest Right's pre-suit knowledge and intent theory is GRANTED.

### B. Post-suit Theories

Harvest Right argues the Amended Complaint plausibly alleges Blue Alpine had actual knowledge of the patents no later than September 30, 2025, via the letter with the enclosed Complaint and exhibits. Dkt. 21, at 2. Harvest Right further argues that despite receiving this notice, Blue Alpine has "*continued* to sell, promote, and instruct customers to use the infringing 'Candy Mode'. . ." Dkt. 21, at 2.

MEMORANDUM DECISION AND ORDER - 7

Blue Alpine concedes Harvest Right adequately pled its post-suit theories and acknowledges that the post-suit theories may proceed. Dkt. 23, at 5.

The parties evidently agree on this front, and the Court joins them. Harvest Right's Complaint contains sufficient factual allegations to state a claim that is plausible on its face for post-suit infringement. The Complaint states Harvest Right sent the letter to Blue Alpine informing it of the alleged patent infringement, and Blue Alpine does not dispute that it received Harvest Right's letter.

In short, the Court will GRANT Blue Alpine's Motion to Dismiss on pre-suit knowledge and intent and DENY Blue Alpine's Motion to Dismiss on post-suit theories.

As noted, if amending a complaint could remedy its deficiencies, courts should provide plaintiffs with an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Because Harvest Right may be able to remedy the deficiencies of the pre-suit infringement claims, the Court will allow an opportunity to amend. Thus, the Court grants Harvest Right leave to amend to provide facts suggesting a reasonable inference of Blue Alpine's pre-suit knowledge and intent. Alternatively, Harvest Right can proceed to discovery on its post-suit theories and, should evidence arise suggesting pre-suit knowledge and intent, move to amend at that time.

## V. ORDER

Now, therefore, **IT IS HEREBY ORDERED:**

1. Blue Alpine's Motion to Dismiss (Dkt. 18) is GRANTED as it pertains to pre-suit knowledge and intent. The Motion is DENIED as it pertains to post-suit theories.

MEMORANDUM DECISION AND ORDER - 8

2.  If Harvest Right chooses to amend its Amended Complaint, it must do so within 30 days of the date of this order.

DATED: June 18, 2026

_____
David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9